**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BICO DRILLING TOOLS, INC.,** | § § § § § § § § § § § § § | |
| **Plaintiff,** | | |
| v. | | **Civil Action No. _____** |
| **EDGE SERVICES, INC. d/b/a EDGE DRILLING SERVICES AND TOMMY W. WEDER,** | | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff BICO Drilling Tools, Inc. ("BICO" or "Plaintiff") files this Original Complaint against Defendants Edge Services, Inc. d/b/a Edge Drilling Services ("Edge Services") and Tommy W. Weder ("Weder") (collectively, "Defendants"), and in support thereof would respectfully show the Court as follows:

## I. PARTIES

1.      Plaintiff **BICO Drilling Tools, Inc.** is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1604 Greens Road, Houston, Texas 77032.

2.      Defendant **Edge Services, Inc. d/b/a Edge Drilling Services** is a for-profit business corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business at 4420 Anderson Road, Woodward, Oklahoma 73801. Edge Services may be served with process through its registered agent, Stephen M. Hetrick, c/o McAfee & Taft, A Professional Corporation, Two W. Second Street, Suite 1100, Tulsa, Oklahoma 74103, or wherever he may be found.

3.     Defendant **Tommy W. Weder** is an individual and the Owner and, upon information and belief, the controlling and dominant shareholder and officer of Edge Services. Weder's place of business is 4420 Anderson Road, Woodward, Oklahoma 73801, and may be served with process at that address or wherever he may be found.

## II. JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     Plaintiff BICO is a citizen of Texas for diversity purposes. Defendant Edge Services is an Oklahoma corporation whose principal place of business is in Oklahoma; accordingly, Edge Services is a citizen of Oklahoma. Defendant Weder is a citizen of Oklahoma. Accordingly, there is complete diversity between the parties.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events giving rise to the claims occurred in this District, Plaintiff's principal place of business is located in this District, and Defendants are subject to personal jurisdiction in this District.

7.     This Court has personal jurisdiction over Defendants because they transacted business in Texas, entered into a written contract with a Texas corporation that was negotiated and executed in part in Texas, and committed tortious acts causing injury to a Texas corporation.

## III. BACKGROUND AND STATEMENT OF FACTS

### A. The Parties' Business Relationship

2

8.     BICO is a supplier of downhole drilling tools and equipment, including mud motors and related components, to the oil and gas industry.

9.     Edge Services is an oilfield services company operating in Oklahoma under the name "Edge Drilling Services." At all times relevant to this action, Tommy W. Weder ("Weder") served as the Owner and controlling principal of Edge Services and exercised complete dominion and control over its operations, finances, and business decisions.

10.    BICO approved Edge Services as a credit customer and assigned Edge Services Account No. C00460 on Net 30 payment terms.

## B. The Contract and Payment Plan

11.    On September 30, 2025, BICO's President, Troy Hill, sent a written proposal to Alan Rickers at Edge Drilling Services, 4420 Anderson Road, Woodward, Oklahoma 73801. The proposal offered to sell eight (8) 8" G2 Brute mud motors and related components (the "Goods") at a discounted purchase price of $320,000.00 (plus applicable sales tax of $27,600.00, for a total of $347,600.00), conditioned on execution of the contract by September 30, 2025.

12.    As an inducement to BICO to agree to the discounted price, the proposal offered Edge Services the option to pay the purchase price in six (6) equal installments (the "Payment Plan") with the full balance due by March 30, 2026, on the following schedule:

| Payment No. | Due Date | Amount |
|:---:|:---:|---:|
| 1 | October 30, 2025 | $53,333.33 |
| 2 | November 30, 2025 | $53,333.33 |
| 3 | December 30, 2025 | $53,333.33 |
| 4 | January 30, 2026 | $53,333.33 |
| 5 | February 28, 2026 | $53,333.34 |

3

| 6 | March 30, 2026 | $53,333.34 |
|---|---|---|
| | **TOTAL:** | $320,000.00 |

13.     On September 30, 2025, Weder, individually and on behalf of Edge Services, executed the written contract (the "Contract") binding Edge Services and himself to the purchase price and Payment Plan described above. Weder signed the Contract in his capacity as "Owner" of Edge Services. By signing the Contract, Weder expressly represented that Edge Services would make each installment payment as scheduled and that the full balance would be paid by March 30, 2026.

14.     The Contract expressly incorporated BICO's General Terms and Conditions of Sale (the "General Terms"), which, among other things: (a) require payment within thirty (30) days of invoice; (b) provide for interest on unpaid balances at the rate of 1.5% per month (18% per annum) from and after the thirtieth (30th) day following the invoice date; and (c) provide that title to the Goods shall not pass to Edge Services until BICO has received payment in full.

### C. BICO's Performance

15.     BICO performed all of its obligations under the Contract. BICO timely delivered the Goods to Edge Services, and Edge Services received and accepted the Goods without objection.

16.     On October 1, 2025, BICO issued Invoice No. SIN021486 to Edge Services for the Goods and services provided, in the amount of $347,600.00, due no later than October 31, 2025. The invoice is as follows:

| Invoice No. | Date | Due Date | Amount Due |
|---|---|---|---|
| SIN021486 | 10/01/2025 | 10/31/2025 | $347,600.00 |

| | |
|---|---|
| **TOTAL DUE:** | **$347,600.00** |

### D. Defendants' Failure to Pay and Fraudulent Conduct

17.    Despite receiving and accepting the Goods without objection, Edge Services failed to make the first installment payment of $53,333.33 due October 30, 2025. Edge Services failed to make any of the remaining five installment payments as they came due. To date, Edge Services has made **no** payments whatsoever toward the $347,600.00 balance.

18.    BICO personnel made repeated attempts to contact Edge Services and Weder regarding the outstanding balance. Edge Services and/or Weder acknowledged the debt and the validity of the Payment Plan, but continued to fail and refuse to make any payment.

19.    Upon information and belief, at the time Weder executed the Contract and agreed to the Payment Plan on September 30, 2025, Weder knew that Edge Services did not have, and had no reasonable expectation of obtaining, the funds necessary to make the installment payments as they came due. Weder made these representations (that Edge Services would pay $53,333.33 per month beginning October 30, 2025) knowing them to be false, or with reckless disregard for their truth or falsity, for the purpose of inducing BICO to deliver the Goods to Edge Services at the discounted contract price.

20.    BICO justifiably relied on Weder's representations and, in reliance thereon, delivered the Goods valued at $347,600.00 to Edge Services. As a direct and proximate result of Weder's fraudulent misrepresentations, BICO has been damaged in the amount of $347,600.00 and has been deprived of the value of the Goods it delivered.

21.    Because title to the Goods has not passed to Edge Services (title passing only upon receipt of full payment under the General Terms), Edge Services currently holds the

5

Goods in violation of BICO's ownership rights. Weder directed and authorized Edge Services' wrongful retention of the Goods without payment.

## IV. CAUSES OF ACTION

### Count I – Breach of Contract (Against Edge Services)

22.    BICO realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

23.    A valid and enforceable written Contract exists between BICO and Edge Services for the sale of the Goods at an agreed purchase price of $347,600.00, payable pursuant to the Payment Plan and in accordance with BICO's General Terms.

24.    BICO performed all conditions, covenants, and promises required on its part, including the timely delivery of the Goods.

25.    Edge Services materially breached the Contract by: (a) failing to make the first installment payment of $53,333.33 due October 30, 2025; (b) failing to make any of the subsequent five installment payments; and (c) failing to pay the invoice amount of $347,600.00 when due.

26.    As a direct and proximate result of Edge Services' breach, BICO has suffered damages in the principal amount of $347,600.00, together with interest at the contractual rate of 1.5% per month from and after October 31, 2025, attorney's fees, and all costs of court.

### Count II – Suit on Sworn Account (Against Edge Services)

27.    BICO realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

28.    BICO brings this cause of action pursuant to Texas Rule of Civil Procedure 185 and Texas Civil Practice and Remedies Code §§ 38.001 et seq.

6

29. The account described herein, being Invoice No. SIN021486 for the sale of the Goods to Edge Services, Account No. C00460, is a liquidated claim for a systematic series of transactions constituting an open account upon which a systematic record has been kept.

30. The account is just, true, and due. All just and lawful offsets, payments, and credits to which Edge Services is entitled have been allowed. After allowing all such offsets, payments, and credits, the total amount justly due and owing to BICO by Edge Services is **Three Hundred Forty-Seven Thousand Six Hundred and 0/100 Dollars ($347,600.00)**, which is just, true, due, and unpaid.

31. BICO is entitled to recover the principal amount of $347,600.00, together with interest, attorney's fees, and all costs of court.

### Count III – Fraud and Fraudulent Inducement (Against Weder)

32. BICO realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

33. On September 30, 2025, Weder, individually and on behalf of Edge Services, made the following material representations of fact to BICO:

> (a) That Edge Services would make six installment payments of $53,333.33/$53,333.34 beginning October 30, 2025, and pay the full balance of $320,000.00 (plus applicable taxes) by March 30, 2026;
>
> (b) That Edge Services was willing, ready, and able to perform its obligations under the Payment Plan; and
>
> (c) That Weder, as Owner, had authority to bind Edge Services to the Contract and the Payment Plan and that Edge Services would honor those commitments.

7

34.     Each of these representations was false. Upon information and belief, at the time these representations were made, Weder knew that Edge Services could not and would not make the installment payments as agreed, and made these representations with the intent to deceive BICO and induce it to deliver the Goods to Edge Services without any bona fide intention of paying for them.

35.     BICO justifiably and reasonably relied on Weder's representations. In reliance thereon, BICO agreed to the discounted purchase price, delivered the Goods to Edge Services, and issued Invoice No. SIN021486 for $347,600.00.

36.     As a direct and proximate result of Weder's fraud and fraudulent inducement, BICO has suffered actual damages of $347,600.00, representing the value of the Goods delivered and not paid for.

37.     Weder's conduct was intentional, willful, and malicious, and was undertaken with conscious disregard for the rights of BICO. Accordingly, BICO is entitled to recover exemplary damages against Weder in an amount to be determined by the trier of fact, in addition to all actual damages.

### Count IV – Quantum Meruit (Against Edge Services, in the Alternative)

38.     BICO realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

39.     In the alternative, BICO pleads quantum meruit. BICO provided the Goods to Edge Services and Edge Services received, accepted, and retained the Goods. BICO provided the Goods with the reasonable expectation of compensation. The reasonable value of the Goods is $347,600.00.

40.    It would be inequitable for Edge Services to retain the benefit of the Goods without compensating BICO. BICO is entitled to recover the reasonable value of the Goods, $347,600.00, from Edge Services.

## Count V – Unjust Enrichment (Against Edge Services, in the Alternative)

41.    BICO realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

42.    In the alternative, BICO pleads unjust enrichment. Edge Services has been unjustly enriched by its receipt and retention of the Goods, valued at $347,600.00, without compensating BICO therefor. It would be unjust and inequitable for Edge Services to retain this benefit. BICO is entitled to recover $347,600.00 from Edge Services.

## Count VI – Personal Liability of Weder (Alter Ego / Piercing the Corporate Veil)

43.    BICO realleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

44.    At all times relevant to this action, Weder was the Owner and controlling principal of Edge Services and exercised complete domination and control over its finances, operations, and business decisions, including the decision to enter into the Contract and the Payment Plan with BICO and the decision to withhold all payments.

45.    Upon information and belief, Weder used Edge Services as a mere instrumentality, alter ego, or tool to conduct his personal business affairs and to evade the obligations lawfully owed to BICO. Specifically, upon information and belief:

   (a)    Weder failed to maintain adequate separation between his personal finances and those of Edge Services, including commingling of personal and corporate funds;

9

(b)      Weder failed to observe corporate formalities and treated Edge Services' assets and liabilities as his own;

(c)      Edge Services was inadequately capitalized to meet its obligations under the Contract at the time the Contract was executed;

(d)      Weder personally negotiated, signed, and directed performance (and non-performance) under the Contract; and

(e)      Weder used Edge Services to perpetrate a fraud on BICO by inducing BICO to deliver the Goods on credit while directing Edge Services to withhold all payments, thereby converting BICO's property to the benefit of himself and Edge Services.

46.    Treating Edge Services and Weder as separate entities under these circumstances would sanction fraud and promote injustice. Accordingly, the corporate form should be disregarded and Weder should be held personally liable, jointly and severally with Edge Services, for all amounts owed to BICO.

## V. CONDITIONS PRECEDENT

47.    All conditions precedent to BICO's right to recover have been performed or have occurred. BICO delivered the Goods, issued its invoice, and made repeated demands for payment. Defendants acknowledged the debt and their obligations under the Contract and the Payment Plan, but failed and refused to make any payment.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff BICO Drilling Tools, Inc. respectfully requests that Defendants Edge Services, Inc. d/b/a Edge Drilling Services and Tommy W. Weder be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants, jointly and severally, for:

10

(a) Actual damages in the principal amount of $347,600.00;

(b) Contractual interest at the rate of 1.5% per month from and after October 31, 2025, or, in the alternative, pre-judgment interest at the maximum rate allowed by law;

(c) Post-judgment interest at the maximum rate allowed by law;

(d) Exemplary damages against Defendant Weder in an amount to be determined by the trier of fact;

(e) Reasonable attorney's fees;

(f) All costs of court; and

(g) Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.

/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
S.D. Texas No. 26968
Texas Bar No. 24028183
ISABELLE D. VARLAN
S.D. Texas No. 3686227
Texas Bar No. 24107235
1225 North Loop West, Suite 640
Houston, Texas 77008
Tel. (713) 880-2992
Fax (713) 880-5297
al@vanhuff.com
ivarlan@vanhuff.com

ATTORNEYS FOR PLAINTIFF
BICO DRILLING TOOLS, INC.